OPINION
{¶ 1} On April 24, 1995, Adara Leigh Perez and Adena Gabrielle Perez, twin girls, were born to Jay Perez ("appellant") and Jeannine Perez ("appellee"). When the parties divorced, appellee was named the residential parent. After the divorce, appellee filed a name change to return to her maiden surname of Mistovich. Both parties agreed that the minor girls would use the Perez surname. Appellee wished to hyphenate the girls' surname to include her family's surname of Mistovich. Therefore, the girls' surname would be Mistovich-Perez.
 {¶ 2} On February 7, 2003, appellee filed an application for change of name for the minor girls. Appellee maintained that by not having the surname Mistovich included, the minor girls would not be able to identify with appellee's side of the family. Appellee wanted the minor girls to be able to identify with both the Perez and Mistovich family. A hearing on the application was set for March 20, 2003.
 {¶ 3} Appellant maintained that by hyphenating the girls' name, Perez would ultimately be dropped and the girls will be known only as Mistovich. Appellant attempted to introduce, as a witness, an individual with a hyphenated name, to testify as to her experience of living with a hyphenated name.
 {¶ 4} Appellee is required to show that there is a reasonable and proper cause for changing the minor girls' surname. R.C.2717.01(A). Furthermore, the trial court must also consider the best interest of the children in determining whether reasonable and proper cause has been established. In re Willhite (1999),85 Ohio St.3d 28, paragraph one of the syllabus. When determining the best interest of the child, the trial court should consider the following eight factors:
* * * [T]he effect of the change on the preservation and development of the child's relationship with each parent; the identification of the child as part of a family unit; the length of time that the child has used a surname; the preference of the child if the child is of sufficient maturity to express a meaningful preference; whether the child's surname is different from the surname of the child's residential parent; the embarrassment, discomfort, or inconvenience that may result when a child bears a surname different from the residential parent's; parental failure to maintain contact with and support of the child; and any other factor relevant to the child's best interest.
Id. at paragraph two of the syllabus, citing Bobo v. Jewell
(1988), 38 Ohio St.3d 330, paragraph two of the syllabus; In reChange of Name of Andrews (1990), 235 Neb. 170, 177,454 N.W.2d 488, 492.
 {¶ 5} The magistrate noted that the name change would serve to identify the family unit and to distinguish the minor girls from appellant's other two children from a subsequent relationship. Over appellant's objection, the magistrate questioned the minor girls. The minor girls stated that they did not think that the name change would hurt anyone's feelings.
 {¶ 6} In the findings of fact and conclusions of law, the magistrate determined that the surname change would create a bond with the minor girls' relationship with appellee, while still preserving the identity with appellant and his family. The magistrate further found no evidence that the surname change would have a dramatic effect on the minor girls or cause them embarrassment. Finally, the magistrate excluded appellant's witness, as she did not qualify as an expert witness. On October 30, 2003, the magistrate concluded that appellee met the burden set forth in In re Willhite, supra. In the best interest of the minor girls, their names were changed to Adara Leigh Mistovich-Perez and Adena Gabrielle Mistovich-Perez.
 {¶ 7} On November 4, 2003, appellant filed objections to the magistrate's decision arguing that the magistrate's findings of fact were erroneous and against the manifest weight of the evidence. On January 28, 2004, the trial court found that the magistrate applied the proper legal standard and that the evidence met the burden of that standard. The trial court noted that there was reasonable and probable cause for changing the minor girls' surname and that the name change would be in the minor girls' best interest. Furthermore, the trial court concluded that the magistrate did not abuse his discretion by refusing to let appellant's witness testify. It is from this decision that appellant appeals, assigning the following as error:
I. The trial court abused its discretion and erred in grantingthe name change of the minor children.
 II. The trial court abused its discretion in disallowing thetestimony of a witness as to her experiences of living with ahyphenated name.
 III. The trial court erred in permitting the two eight yearold twin girls to express their "wishes" concerning the namechange without determining if the girls were competent and matureenough to express an opinion, interviewing the girls together andwithout placing the girls under oath.
 {¶ 8} We must first address appellee's motion to strike certain evidentiary materials in appellant's brief, which is made on the ground that these materials are not properly part of the record upon appeal. Specifically, these materials include appellee's relationship with a man she later married, additional surnames in appellee's primary residence as a result of the marriage, and the practical effects of a hyphenated name in society.
 {¶ 9} An appellate court is limited to consideration of the record properly before it upon appeal from the trial court's decision. State v. Ishmail (1978), 54 Ohio St.2d 402. A reviewing court cannot add matter to the record that was not part of the trial court's proceeding and then decide the appeal based on the new matter. McAuley v. Smith (1998), 82 Ohio St.3d 393,396.
 {¶ 10} Appellant complains that the evidence that appellee was seriously involved with another man and had subsequently married this gentleman was presented at the hearing. A careful review of the transcript reveals that appellee did testify that she was in a serious relationship with another man. However, when the hypothetical question was posed to appellee by appellant's counsel regarding a future marriage, the trial court did not allow this line of questioning. Appellant wants this court to take judicial notice of this marriage because it is a public record. In addition, appellant's attempt to introduce evidence of additional surnames in appellee's residence and the effects of a hyphenated name in society were also disallowed by the trial court.
 {¶ 11} Testimony as to appellee's remarriage, the additional surnames in her primary residence, and the effects of the hyphenated names in our society were not allowed by the trial court, and were not, therefore, relied upon in the trial court's decision. We find the trial court's evidentiary ruling in such regards not to be an abuse of discretion. Appellee's motion to strike is well taken and none of the aforementioned materials will be relied upon in our decision, nor shall we consider arguments advanced by appellant in reliance on this evidence. As such, appellee's motion to strike filed April 28, 2004, is hereby granted.
 {¶ 12} In his first assignment of error, appellant maintains that appellee failed to meet her burden of establishing reasonable and proper cause for the minor girls' surname change and that the change was in the best interest of the children. Appellant maintains that the twin girls have been known by their family and friends, and in the community, church and school, as Perez for eight years. Appellant also argues that the surname change would further risk disassociation of the minor girls from appellant and his two sons, especially since the minor girls do not reside with appellant and appellant and appellee do not have equal rights and shared parenting. Appellant asserts that because appellee spends the majority of the time with the minor girls, his relationship with the twins is strained.
 {¶ 13} The change of name statute, R.C. 2717.01, vests discretion with the trial court to determine whether to grant a name change application. On appeal, our role is not to reweigh the evidence, but to determine whether the trial court's application of the law to the facts presented amounted to an abuse of discretion. In re Crisafi (1995), 104 Ohio App.3d 577. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 14} In this case, appellee is not attempting to remove appellant's surname from the names of the minor girls. Rather, appellee seeks to combine both surnames for the minor girls to use. Appellee testified that she was not trying to take appellant's identity away from the minor girls or cause the girls to become disassociated with their father. Also with the name change, appellee hoped to eliminate any confusion of being referred to as the mother of appellant's two sons. There is no evidence that adding appellee's surname would have a negative impact on the minor children. Since appellee had recently changed her surname back to her maiden name, she wanted her daughters to share a common surname. She wanted to eliminate any confusion with her daughters explaining why their last name is different from their mother's.
 {¶ 15} "`A dual name would help the child identify with both parents, a state of mind that child psychologists say is essential to the child's adjustment to divorce.'" In reWillhite, at 33, quoting Seng, Note, Like Father, Like Child: The Rights of Parents in their Children's Surnames (1984), 70 Va.L.Rev. 1303, 1350, citing Cochran Vitz, Child Protective Divorce Laws: A Response to the Effects of Paternal Separation on Children (1983), 17 Fam.L.Q. 327, 333-334, 353.
 {¶ 16} We find there was sufficient evidence, as a matter of law, to support the probate court's judgment changing the minor girls' surname. As such, the trial court did not abuse its discretion in adopting the magistrate's decision. Appellant's first assignment of error is not well-taken.
 {¶ 17} In his second assignment of error, appellant maintains that the trial court abused its discretion in finding that the magistrate's exclusion of appellant's witness was proper under Evid.R. 702(B), and not an abuse of discretion. Appellant proffered for the record that his witness, Cynthia Sullivan-Fraser, was to testify regarding her experiences of living with a hyphenated name and how often the name Fraser in the hyphenated name fell off. The magistrate did not allow Cynthia to testify because she did not qualify as an expert.
 {¶ 18} The decision whether testimony is relevant and will assist the trier of fact is within the discretion of the trial court. State v. Williams (1983), 4 Ohio St.3d 53, syllabus. Absent an abuse of that discretion, a reviewing court should not reverse.
 {¶ 19} The trial court must follow the basic mandates of Evid.R. 702, which states:
A witness may testify as an expert if all of the following apply:
(A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;
(B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;
(C) The witness' testimony is based on reliable scientific, technical, or other specialized information. * * *
 {¶ 20} In this case, the trial court excluded Cynthia's testimony because she did not have the specialized knowledge, skill, experience, training, or education regarding the effects of living with a hyphenated name, nor would Cynthia's testimony have related to matters beyond the knowledge or experience possessed by laypersons nor would it dispel a misconception among laypersons, nor would it be based on reliable scientific, technical, or other specialized information, as Cynthia was testifying about her own personal experiences of having a hyphenated surname. Therefore, we find that the trial court did not commit an abuse of discretion when it excluded Cynthia's testimony. As such, appellant's second assignment of error lacks merit and is not well-taken.
 {¶ 21} In his final assignment of error, appellant argues that the magistrate erred by questioning the two eight year old minor girls without properly placing the children under oath or qualifying the children as witnesses. Appellant's counsel objected, arguing that based on the minor girls' maturity level, they were unable to express their preference. The magistrate overruled the objection, stating he wanted to talk with the children to get an idea from the minor girls how they perceived what was going on and if the name change would cause them any stress, discomfort, or embarrassment.
 {¶ 22} In his decision, the magistrate noted that the questioning of the minor girls was appropriate because appellant was the one who raised the issue of embarrassment to the minor girls and concerns of harmful effects on them as a result of the name change. The magistrate concluded that the minor girls had sufficient maturity to be questioned by the court. However, the trial court concluded that the minor girls were not mature enough to understand the issues surrounding the surname change. (Jan. 28, 2004 Entry at 1-2.) The trial court noted that the magistrate did not rely solely on the testimony of the minor girls.
 {¶ 23} A review of the record reveals that the minor girls were not called as witnesses, but were interviewed by the magistrate only to aid in his decision in granting the name change. A magistrate generally has the power to regulate proceedings to the same extent as a trial court. Holm v.Smilowitz (1992), 83 Ohio App.3d 757, 771. Magistrates possess inherent power to regulate court proceedings, and a ruling or order by the magistrate affecting the conduct of the trial will not be reversed unless the complaining party demonstrates prejudicial abuse of discretion. Id. at 771-772. Therefore, because the minor girls were not called as witnesses, they were not required to submit to an oath or affirmation. Evid.R. 603 ("Before testifying, every witness shall be required to declare that he will testify truthfully, by oath or affirmation.").
 {¶ 24} In order to consider whether the change of the minor girls' surname was in their best interest, In re Willhite
mandates that the trial court consider several factors. One of those enumerated factors was "the embarrassment, discomfort, or inconvenience that may result when a child bears a surname different from the residential parent's." Id. at paragraph two of the syllabus. In order to consider this factor, the trial court felt it necessary to speak with the minor girls. Furthermore, the hearing transcript evidences that the magistrate's decision was supported by more than ample evidence. As such, we find that the trial did not act arbitrarily in interviewing the minor girls to determine their wishes. Accordingly, appellant's third assignment of error lacks merit and is not well-taken.
 {¶ 25} For the foregoing reasons, appellant's first, second, and third assignments of error are overruled and the decision of the Franklin County Court of Common Pleas, Probate Division, is affirmed.
Appellee's motion to strike granted; judgment affirmed.
Bowman and Deshler, JJ., concur.
Deshler, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.