[Cite as *In re Name Change of E.S.*, 2022-Ohio-2107.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In re: The Name Change of: | : | |
| [E.S.], a Minor, | : | No. 21AP-527 |
| | | (Prob. No. 608493) |
| [J.S., | : | |
| | | (REGULAR CALENDAR) |
| Appellant]. | : | |
| In re: The Name Change of: | : | |
| [A.S.], a Minor, | : | No. 21AP-528 |
| | | (Prob No. 608492) |
| [J.S., | : | |
| | | (REGULAR CALENDAR) |
| Appellant]. | : | |

D E C I S I O N

Rendered on June 21, 2022

**On brief:** *Weston Hurd, LLP,* and *James P. Seguin,* for appellee [*S.R.*]. **Argued:** *James P. Seguin.*

**On brief:** [*J.S.*], pro se. **Argued:** [*J.S.*].

APPEALS from the Franklin County Court of Common Pleas, Probate Division

LUPER SCHUSTER, P.J.

{¶ 1} Appellant, J.S., appeals from a judgment of the Franklin County Court of Common Pleas, Probate Division, ordering the names of appellant's children, A.S. and E.S., be changed to include, with hyphenation, the surname of appellee, S.R., the mother of the minors and appellant's former wife. For the following reasons, we affirm.

I. **Facts and Procedural History**

{¶ 2} In 2011, appellant and appellee married and, in November 2016, twin brothers A.S. and E.S. were born as issue of this marriage. In September 2018, appellant

initiated divorce proceedings in the Franklin County Court of Common Pleas, Division of Domestic Relations. After protracted negotiations, their divorce was finalized on February 10, 2021, with the filing of an agreed judgment entry–decree of divorce ("divorce decree") and shared parenting decree, which incorporated the parties' joint shared parenting plan. Two weeks later, appellee filed applications in the Franklin County Court of Common Pleas, Probate Division, requesting that A.S.'s and E.S.'s names be changed to include appellee's surname hyphenated with appellant's surname. Appellee's requests were assigned to a probate court magistrate, who held a hearing regarding the matter on June 1, 2021. Six days later, the magistrate issued her decision recommending the probate court grant appellee's name change requests. Appellant filed objections to the magistrate's decision. The probate court overruled appellant's objections, adopted the magistrate's decision, and accordingly granted the requests and ordered the name changes.

{¶ 3}   Appellant timely appeals.

## II. Assignments of Error

{¶ 4}   Appellant assigns the following errors for our review:

> [1.] The trial court erred in finding that Appellee did not waive the name change issue in her divorce settlement, which should be reviewed de novo.

> [2.] The trial court erred and abused its discretion in misapplying *Willhite*.

## III. Discussion

{¶ 5}   Appellant's first assignment of error contends the trial court erred in not finding that appellee waived her right to seek the name changes for their children. If appellee waived this right, the trial court should have denied her name change requests. This assignment of error is not well-taken.

{¶ 6}   Appellee filed the name change applications pursuant to former R.C. 2717.01, which stated that a "person desiring a change of name may file an application in the probate court of the county in which the person resides," and that an "application for change of name may be made on behalf of a minor by either of the minor's parents, a legal guardian,

or a guardian ad litem." Former R.C. 2717.01(A)(1) and (B).[1] Appellant argues appellee waived her right to file any name change application concerning their children based on their divorce settlement agreements and related negotiations.

{¶ 7} "Waiver is a voluntary relinquishment of a known right and is generally applicable to all personal rights and privileges, whether contractual, statutory, or constitutional." *Glidden Co. v. Lumbermens Mut. Cas. Co.*, 112 Ohio St.3d 470, 2006-Ohio-6553, ¶ 49. A party asserting waiver must prove it with evidence of the other party's "clear, unequivocal, decisive act * * * demonstrating the intent to waive." *Maghie & Savage, Inc. v. P.J. Dick Inc.*, 10th Dist. No. 08AP-487, 2009-Ohio-2164, ¶ 27. Thus, at issue is whether appellee demonstrated an intent to voluntarily relinquish her statutory right to request name changes for A.S. and E.S.

{¶ 8} During the parties' divorce settlement negotiations, appellee raised the issue of changing their four-year-old twin boys' names. In her February 11, 2020 divorce settlement offer, she stated her intent to have her maiden name restored, and, in connection with that change, she requested appellant agree that the children's names be changed to include both parents' surnames in hyphenated form. She indicated her view that the requested name changes would be in the children's best interests. Despite this request, and appellee being restored to her maiden name pursuant to the agreed upon divorce decree, neither that decree nor the court adopted joint shared parenting plan addresses the name change issue concerning the children. And the parties agreed at the probate court hearing that this name change issue was not discussed between them during their divorce settlement negotiations. Appellee testified that she received no response from appellant concerning the name change proposal in her February 2020 settlement offer. Similarly, appellant testified that, to productively discuss the issue, they needed the involvement of the assigned parenting coordinator, and because appellee indicated she was unwilling to proceed in that manner, the issue was not discussed between them. Therefore, the record demonstrates appellee sought an agreement concerning the name change issue during

---

[1] Effective August 17, 2021, the Ohio General Assembly recodified, with some modifications, the law governing the change of a person's legal name. *See In re Name Change of Davis*, 3d Dist. No. 9-21-05, 2021-Ohio-3879, ¶ 8, fn. 2 (noting that 2021 H.B. No. 7 "distributed the various provisions of former R.C. 2717.01, with modifications, throughout R.C. Chapter 2717").

divorce settlement negotiations, but the parties did not substantively discuss the issue and the divorce settlement filings contain no provision addressing this issue.

{¶ 9} Even so, appellant contends appellee waived her statutory right to file the name change applications on behalf of their children. He argues this abandonment is reflected by the absence of any provision in the divorce filings permitting appellee to request the name changes. Alternatively, citing the court adopted joint shared parenting plan's statement that "[b]oth parents firmly believe that this Joint Shared Parenting Plan is in the minor children's best interests," appellant asserts the plan reflected the parties' agreement that no name change was in the children's best interests. (Pl.'s Ex. 9, Feb. 10, 2021 Joint Shared Parenting Plan, Section 16.) Appellant argues that appellee "changed her mind and decided that changing the minors' surnames was in their best interests." (Appellant's Brief at 10-11.) We are unpersuaded.

{¶ 10} Appellant's argument relying on the "best interests" statement in the court adopted joint shared parenting plan is flawed because it incorrectly assumes the plan contains a provision that addresses, either directly or indirectly, the possibility of the children's names being changed. But appellant does not cite, and as noted above we do not find, any such provision in the plan. Contrary to appellant's argument, appellee's assertion that, in connection with the name change applications, the name changes were in the children's best interests was not inconsistent with the joint shared parenting plan.

{¶ 11} Further, the silence as to the name change issue in the agreed upon divorce filings does not reflect an intent by appellee to abandon her right to file name change applications in the probate court; instead, it reflects no agreement between the parties concerning the issue. Since the beginning of the divorce proceedings, both parties have been consistent in their opposing perspectives concerning the children's names—appellee has believed changing the children's names is in their best interests, and appellant has not. Just as there is no language in those filings permitting appellee to file such an application, there is no provision prohibiting appellee from exercising her existing statutory right and taking this action. The issue simply is not addressed in the agreed upon divorce filings.

{¶ 12} Relatedly, appellant argues he and appellee negotiated this issue out of the divorce settlement agreements. According to appellant, the name change issue was inextricably intertwined with other issues, and, as a result of their negotiations, appellee

agreed to forego that right in exchange for either a term more favorable to her or appellant's corresponding abandonment of a term he wanted. But appellant does not cite anything in the record to substantiate this contention. And we find nothing in the divorce filings, or anything else in the record, demonstrating that the issue of appellee's right to file the name change applications was inseparably bound to the inclusion or exclusion of any term in the agreed upon divorce filings. Moreover, as discussed above, both parties' testimony at the hearing indicated the name change issue was not discussed between them, further undermining appellant's assertion that this issue was negotiated out of the written agreement. Thus, we are unpersuaded by appellant's argument that, in the divorce proceedings, appellee agreed to abandon her right to file the name change applications.

{¶ 13} Because appellant has failed to demonstrate that appellee waived her statutory right to file name change applications for the children, we overrule his first assignment of error.

{¶ 14} In his second assignment of error, appellant asserts the trial court erred in misapplying *In re Willhite*, 85 Ohio St.3d 28 (1999). He argues appellee did not meet her burden because she committed perjury and the pertinent factors to be considered in reviewing a name change request for a minor weighed in favor of denying her requests. This assignment of error lacks merit.

{¶ 15} "When reviewing a trial court's decision determining that a child's name either should or should not be changed, a reviewing court may not substitute its own judgment for that of the trial court, but it must consider whether the trial court abused its discretion." *D.W. v. T.L.*, 134 Ohio St.3d 515, 2012-Ohio-5743, ¶ 10. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Under this standard for reviewing name change decisions, "[w]hen there is insufficient evidence as a matter of law that a name change is in the best interest of the child, a trial court's judgment changing a child's surname must be reversed." *D.W.* at ¶ 10. Conversely, "absent a showing that the trial court's decision has no basis in the evidence before it or was otherwise an abuse of discretion, an appellate court will not reverse the decision on appeal." *Boysel v. Perrill*, 12th Dist. No. CA2000-11-032, 2001 Ohio App. LEXIS 3999, *6-7 (Sept. 10, 2001). *See In re Name Change of Perez*, 10th Dist. No. 04AP-126, 2004-Ohio-5068, ¶ 16 ("We find there was sufficient evidence, as a

matter of law, to support the probate court's judgment changing the minor girls' surname.").

{¶ 16} As the applicant, appellee had the burden of demonstrating "reasonable and proper cause" for the requested name changes. *D.W.* at ¶ 17; former R.C. 2717.01(A)(3). When deciding this issue, the trial court must consider the best interest of the child. *Willhite* at paragraph one of the syllabus. In making this determination, the trial court should consider the following factors: the effect of the change on the preservation and development of the child's relationship with each parent; the identification of the child as part of a family unit; the length of time that the child has used a surname; the preference of the child if the child is of sufficient maturity to express a meaningful preference; whether the child's surname is different from the surname of the child's residential parent; the embarrassment, discomfort, or inconvenience that may result when a child bears a surname different from the residential parent's; parental failure to maintain contact with and support of the child; and any other factor relevant to the child's best interest. *Willhite* at paragraph two of the syllabus.

{¶ 17} Appellant argues that appellee did not meet her burden of demonstrating "reasonable and proper cause" for the requested name changes. He contends appellee offered false and misleading testimony at the hearing and presented no evidence demonstrating that the requested changes were in the minors' best interests. He asserts the *Willhite* factors favored his position that the minors' names should not have been changed as appellee requested, citing evidence that the surname appellee used after the divorce was the same as the children's surname, that he has always maintained contact with the children, and that the children had the same surname for their entire lives.

{¶ 18} According to appellant, appellee committed perjury at the hearing as to whether the assigned parenting coordinator could discuss the name change issue with appellant and appellee. Appellee testified in part that "[t]he other big point [the parenting coordinator] made to me, because [appellant] did bring up this name change to her, is that that is not something that she has any jurisdiction or anything to do with. So that was outside the scope of what she is capable or willing to do. It's not a parenting issue." (Tr. at 29.) Appellant contends that this statement was false and misleading, citing an affidavit of the parenting coordinator, Jamie Niesen, which he submitted in support of his objections

to the magistrate's decision. The affidavit of Niesen, who was not called to testify at the hearing, indicates appellant informed her that he wanted her to facilitate his discussion of the name change issue with appellee, but that appellee stated the view that she had no authority concerning the topic and it would not be discussed. Her affidavit indicates that she had the authority to facilitate a discussion concerning the name change issue. Appellant contends the trial court erred in not considering these averments in conjunction with reviewing his objections, and in not discrediting all of appellee's testimony because of her false and misleading testimony as to this issue. We disagree.

{¶ 19} Before ruling on objections to a magistrate's decision, a trial court "may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate." Civ.R. 53(D)(4)(d). "Civ.R. 53(D)(4)(d) gives the trial court broad discretion in deciding whether to hear additional evidence." *Maddox v. Maddox*, 1st Dist. No. C-140718, 2016-Ohio-2908, ¶ 14. Despite submitting Niesen's affidavit as additional evidence for the trial court to consider in reviewing his objections to the magistrate's decision, appellant did not explain why Niesen's testimony could not have been produced with reasonable diligence when the case was presented to the magistrate. Further, while Niesen's averments could be read as providing a rebuttal to appellee's testimony as to what Niesen told appellee regarding the parent coordinator's role in any discussion or decision concerning the name change issue, those averments do not necessarily demonstrate that appellee offered false or misleading testimony as to this issue or any other issue. Even if properly before the trial court for consideration, the substance of the affidavit did not require the trial court to find all of appellee's testimony lacked credibility. As the factfinder, the trial court was free to believe all, part, or none of the testimony of each witness. *Rankin v. Rankin*, 10th Dist. No. 20AP-223, 2021-Ohio-1967, ¶ 17. Therefore, appellant's arguments concerning appellee's credibility based on Niesen's affidavit are unavailing.

{¶ 20} We also disagree with appellant's contention that the trial court abused its discretion in its application of the *Willhite* factors. Appellant asserts the trial court properly recognized that the children had gone by his surname their entire lives, but then improperly ignored this factor in stating the children could adapt and learn the combined hyphenated

name. We reject appellant's contention that the trial court ignored the length of time the children had used their surname given at birth. That the trial court did not find this factor dispositive regarding the best interests of the children does not mean the trial court did not consider it. The trial court's observation that the children would be able to adapt to a changed surname demonstrated its weighing of the fact that they had gone by appellant's surname since birth. Appellant also contends the fact that he has always maintained contact with, and support of, the children was a factor that favored his position. But appellant does not explain how this circumstance weighed against changing the children's names to include the surnames of both appellee and appellant. Thus, appellant fails to demonstrate the trial court abused its discretion in reviewing these pertinent factors.

{¶ 21} Appellant additionally argues that other *Willhite* factors weighed against the name changes because evidence at the hearing demonstrated that appellee continued to use her married name even after the divorce was finalized. He asserts that, based on this continued usage, name changes for the children were not necessary to alleviate issues associated with appellee having a different surname from the children, including the embarrassment, discomfort, or inconvenience that may result. We agree evidence indicated that appellee went by the name S.S. in numerous contexts in the months after the divorce proceedings, including on the name change applications, on the deed to her property, on the mortgage securing the loan for her property, with the children's doctors, and with the children's school. But when appellee was confronted at the hearing regarding her continued use of this name, she confirmed her intent to be known by her maiden name, consistent with the agreed upon divorce decree ordering that reversion, and she explained that she would soon take the necessary steps to fully effectuate that change with the appropriate government agencies. She also noted that she always has gone by her maiden name during her career as a veterinarian. Moreover, appellee's delay in using her maiden name in all respects was also consistent with the reality that, until the children's surnames were changed, their surnames mirrored appellee's married surname. Therefore, even though there was evidence that appellee continued to use appellant's surname after the filing of the agreed upon divorce decree, which ordered her name restored to her maiden name, there was also evidence that, consistent with this order, her use of appellant's

surname was temporary as she would soon complete the process of fully and officially restoring her maiden name.

{¶ 22} With appellee reverting to her maiden name, the trial court reasonably granted her requests for the children's surnames to be changed to include both parents' surnames in hyphenated form. Appellee testified at the probate court hearing that she requested the name changes to provide her children with an increased sense of security and inclusion with both parental families, and to prevent embarrassment from having a parent with a different surname. This testimony was consistent with the principles, approved by the Supreme Court of Ohio, that "a combined surname gives the child [of divorced parents] a greater sense of security," and "would help the child identify with both parents, a state of mind that child psychologists say is essential to the child's adjustment to divorce." *Willhite* at 33, citing Seng, Note, Like Father, Like Child: The Rights of Parents in their Children's Surnames, 70 Va.L.Rev. 1303, 1350 (1984), citing Cochran & Vitz, Child Protective Divorce Laws: A Response to the Effects of Paternal Separation on Children, 17 Fam.L.Q. 327, 333-34, 353 (1983). *See Perez, supra*, at ¶ 15, citing *Willhite*. The Supreme Court further observed that "[a] combined surname is a solution that recognizes each parent's legitimate claims and threatens neither parent's rights. The name merely represents the truth that both parents created the child and that both parents have responsibility for that child." *Willhite* at 33, citing Seng, *supra*, 70 Va.L.Rev. at 1348. This reasoning applies with equal force in this case and thus supported the trial court's finding that appellee met her burden.

{¶ 23} Because the trial court did not abuse its discretion in applying *Willhite* and finding the requested name changes were in the children's best interests, we overrule appellant's second assignment of error.

## IV. Disposition

{¶ 24} Having overruled appellant's first and second assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Probate Division.

*Judgment affirmed.*

DORRIAN and McGRATH, JJ., concur.

––––––––––––––––