[Cite as *Glass v. Eshun*, 2025-Ohio-90.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Marquita Glass, | : | |
| Plaintiff-Appellant, | : | No. 24AP-276 |
| | | (M.C. No. 2023 CVI 48585) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Bonso J. Eshun, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on January 14, 2025

**On brief:** *Marquita Glass*, pro se. **Argued:** *Marquita Glass*.

**On brief:** *Randall E. Worth*, for appellee. **Argued:** *Randall E. Wroth*.

APPEAL from the Franklin County Municipal Court

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, Marquita Glass, appeals from a judgment of the Franklin County Municipal Court, adopting a magistrate's decision finding the liability of defendant-appellee, Bonso J. Eshun, to be $200. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} In December 2023, Glass filed a complaint in the small claims division of the trial court against Eshun in connection with a home renovation project, alleging Eshun breached their construction contract by not completing the project as agreed and causing damage to the home. Glass sought a refund of all the payments she made to Eshun for the renovation work, up to the $6,000 small claims division jurisdictional limit. The matter was tried before a magistrate on February 6, 2024. A week later, the magistrate issued a

decision awarding Glass $200 as the total remaining refund for work paid for, but not completed, and for material paid for, but not used. Glass filed objections to the magistrate's decision, arguing the magistrate did not account for the incompleteness of the work in the master bathroom, and the magistrate did not consider her text messages and photographs as evidence. The trial court overruled Glass's objections and adopted the magistrate's decision.

{¶ 3}   Glass timely appeals.

## II. Assignment of Error

{¶ 4}   Glass assigns the following sole assignment of error for our review:

> The trial court erred by omitting/*"missing"* burden of proof in the form of text messages, pictures and emails as evidence.

(Emphasis sic.)

## III. Discussion

{¶ 5}   We construe Glass's sole assignment of error as contending the trial court erred in excluding certain documentary evidence from its consideration of her claim against Eshun. Glass essentially argues she was denied due process because the trial court did not permit her to present all of her evidence in support of her claim. This assignment of error is not well-taken.

{¶ 6}   A fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965). Due process of law implies, in its most comprehensive sense, the right of the person affected to be heard, by testimony or otherwise, and to have the right of controverting, by proof, every material fact which bears on the question of right in the matter involved. *Williams v. Dollison*, 62 Ohio St.2d 297 (1980).

{¶ 7}   At trial, Glass testified on her own behalf, and Eshun testified on his own behalf. No other witness testified. The trial court admitted into evidence three documents: a construction contract reflecting the scope and cost of the renovation work at Glass's property; a calendar Glass prepared documenting the dates of renovation work, payments, communications between the parties, and progress; and Eshun's own notes concerning these events. Glass asserts that, in addition to her calendar, she had other evidence, namely text messages, emails, and photographs, that supported her claim against Eshun. She

argues the trial court erroneously did not permit her to submit this evidence for consideration, and therefore she was denied due process. The record, however, does not support this characterization.

{¶ 8} Although there was a discussion at trial between the magistrate and Glass regarding text messages she was considering introducing into evidence, Glass did not introduce into evidence any text messages, emails, or photographs. In response to the magistrate requesting Glass make a copy, for submission to the court, of her calendar with chronological notes concerning the construction project, Glass asked the magistrate if he "want[ed] the text messages that go with" these notes. (Feb. 6, 2024 Tr. at 31-32.) The magistrate indicated this was unnecessary because Glass already had testified to the chronology of the progress and communications between the parties, and she was submitting her self-prepared calendar into evidence. Glass did not dispute the magistrate's impression that the text messages would not provide any information not demonstrated already in the submitted calendar and testimony. Additionally, neither during this discussion, nor at any other time at trial, did Glass refer to any emails or photographs relevant to her claim. Ultimately, Glass controlled the presentation of her own case. If, in her view, certain additional evidence, such as emails or photographs, tended to prove facts of consequence in her case against Eshun, she needed to affirmatively seek the admission of that evidence at trial. Because Glass did not introduce into evidence at trial the additional documents and photographs, the court did not take any action as to those materials. In sum, the trial court did not deny Glass the opportunity to fully present her case against Eshun.

{¶ 9} In objecting to the magistrate's decision, Glass submitted her own detailed narrative, text messages, copies of various receipts, and photographs, concerning the construction project. She generally argued this additional evidence demonstrated Eshun's liability beyond the $200 awarded by the magistrate. None of this evidence was introduced at trial. Before ruling on objections to a magistrate's decision, a trial court "may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate." Civ.R. 53(D)(4)(d). Pursuant to Civ.R. 53(D)(4)(d), a trial court has broad discretion in deciding whether to hear additional evidence in this

context. *In re Name Change of E.S.*, 10th Dist. No. 21AP-527, 2022-Ohio-2107, ¶ 19. And "[t]here is no requirement that the trial court hold a hearing before ruling on the objections." *Tillimon v. Myles*, 6th Dist. No. L-19-1072, 2020-Ohio-1243, ¶ 15. Here, the trial court summarily overruled Glass's objections without holding a hearing or making any reference to the submitted additional evidence. We construe this lack of reference as implicitly indicating the trial court's decision not to consider those additional materials in ruling on the objections. This decision was reasonable as Glass did not demonstrate, or even argue, that she could not, with reasonable diligence, have produced this evidence for the magistrate's consideration at trial.

{¶ 10} Moreover, in her appellate briefing, Glass does not explain how these additional documents or photographs would have proven Eshun's liability to her exceeded the $200 awarded. An appellant bears the burden of affirmatively demonstrating error on appeal. *Taneff v. Lipka*, 10th Dist. No. 18AP-291, 2019-Ohio-887, ¶ 37. The appellant, not this court, must construct the legal arguments in support of her assignments of error. *Cook v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 14AP-852, 2015-Ohio-4966, ¶ 40; *Angus v. Angus*, 10th Dist. No. 14AP-742, 2015-Ohio-2538, ¶ 10. In the absence of any specific argument developing her general contention of reversible error, Glass fails to demonstrate that any error regarding the exclusion of evidence from consideration was prejudicial to her.

{¶ 11} For these reasons, we overrule Glass's sole assignment of error.

## IV. Disposition

{¶ 12} Having overruled Glass's sole assignment of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

MENTEL and EDELSTEIN, JJ., concur.

_____