[Cite as *Boyd v. Boyd*, 2019-Ohio-2139.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Kristin C. Boyd, :

          Plaintiff-Appellee, : No. 18AP-575
                                   (C.P.C. No. 13DR-4716)

v. :

                                   (REGULAR CALENDAR)

Michael J. Boyd, II, :

          Defendant-Appellant. :

---

### D E C I S I O N

#### Rendered on May 30, 2019

---

**On brief**: *Bowshier, Davitz & Rieser, LLC*, and *Richard Rieser*, for appellee. **Argued**: *Richard Rieser*.

**On brief**: *Hillard M. Abroms*, for appellant. **Argued**: *Hillard M. Abroms*.

---

APPEAL from the Franklin County Court of Common Pleas
Division of Domestic Relations

BROWN, J.

{¶ 1} Michael J. Boyd, II, defendant-appellant, appeals from a judgment entry of the Franklin County Court Common Pleas, Division of Domestic Relations, in which the court denied appellant's motion for contempt and motion to enforce the decree.

{¶ 2} Appellant and Kristin C. Boyd, plaintiff-appellee, were married November 8, 2010 and divorced May 7, 2014. Appellant was incarcerated at the time of the divorce. Appellee was awarded all real property, including 71 Winner Avenue, Columbus, Ohio. All real estate was to be sold within 90 days, and the proceeds therefrom were to be used to pay all joint debt with any remaining proceeds to be split equally.

{¶ 3} Appellant was released from incarceration in August 2015. On November 21, 2016, the parties entered into an agreement, which became a court entry (sometimes referred to as "agreed entry"). The agreed entry modified and clarified the rights and duties of the parties with respect to the disposition of real property. As pertinent to this appeal, the November 21, 2016 entry provided, with regard to 71 Winner Avenue:

> The Defendant shall have until January 1, 2017 to refinance said property. If the Defendant cannot refinance said property to remove the Plaintiff's name from the deed and mortgage by said date, then the property shall be immediately listed for sale.
>
> * * *
>
> If the Defendant or agent of Defendant has verified bank preapproval for refinancing prior to January 1, 2017 and has submitted the same to Plaintiff's counsel, Plaintiff will afford the Defendant opportunity to close within 60 days.

{¶ 4} On December 31, 2016, appellant entered into a real estate purchase contract with Jerry Black, a friend of the parties, for $122,631. Appellant's arrangement with Black was for appellant to remain living in the home, with appellant paying Black rent. Black obtained a pre-approval letter, dated January 12, 2017, from Kemba Financial Credit Union, approving Black for a pre-qualified mortgage. Appellant claims he presented the purchase contract and pre-approval letter to appellee in a timely manner but she refused to cooperate with appellant and Black in effecting the sale of the home to Black.

{¶ 5} On March 21, 2017, appellee filed a motion for contempt, alleging appellant failed to cooperate in the listing and sale of the home. On June 29, 2017, appellee filed a motion requesting appellant vacate the house. On September 8, 2017, appellant filed a motion for contempt, alleging appellee failed to cooperate with the refinancing of the home. On February 1, 2018, appellant filed a motion to enforce the decree. On June 21, 2018, the trial court issued a judgment denying all of the motions. Appellant appeals the trial court's judgment, asserting the following two assignments of error:

> I. The trial court erred when it denied Defendant's Motion to Enforce Decree, because Defendant complied with the terms

of the Decree by obtaining preapproval of refinancing prior to the deadline.

II. The trial court erred when it denied Defendant's motion for contempt, because Defendant complied with the terms of the Decree by obtaining preapproval of refinancing prior to the deadline, and Plaintiff knowingly refused to cooperate in the closing.

{¶ 6} Because appellant's arguments relating to both his first and second assignments of error are nearly identical, we will address the assignments of error together. "Contempt of court 'results when a party before a court disregards or disobeys an order or command of judicial authority,' or otherwise acts in a way that 'substantially disrupt[s] the judicial process in a particular case.' " *Cox v. Cox*, 10th Dist. No. 14AP-490, 2015-Ohio-1660, ¶ 20, quoting *Byron v. Byron*, 10th Dist. No. 03AP-819, 2004-Ohio-2143, ¶ 11. An appellate court reviews a trial court's determination of contempt proceedings for abuse of discretion. *Hopson v. Hopson*, 10th Dist. No. 04AP-1349, 2005-Ohio-6468, ¶ 9. An abuse of discretion occurs when a trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 7} In the present case, the real issue underlying both assignments of error is whether appellee failed to abide by the terms of the agreed entry when she refused to cooperate with appellant to effectuate the sale of 71 Winner Avenue. In this regard, the trial court found the following:

As of January 1, 2017, the Defendant had failed to refinance the property or provide preapproval of refinancing. Applying the language of the Entry, the Court finds that the property should have been listed and sold. Making the determination as to Plaintiff's cooperation or lack of cooperation as to the refinancing, is moot as no refinancing plan was presented prior to January 1, 2017. Further, Defendant's failure to refinance also removed any obligation of the Plaintiff to execute a deed transferring her interests in the 71 Winner Avenue property to the Defendant.

* * *

C. **Defendant's *Motion for Contempt* Filed September 8, 2017**

> The Court having found that no refinancing documents were presented to Plaintiff by Defendant in a timely manner and therefore no obligation by Plaintiff to cooperate with refinancing, Defendant's *Motion* is hereby **DENIED**.
>
> D. **Defendant's *Motion To Enforce Decree Utilizing Civil Rule 70* Filed February 1, 2018**
>
> The Court having found no obligation to cooperate with refinancing, therefore finds no basis to transfer the property and Defendant's *Motion* is hereby **DENIED**.

(Emphasis sic.)

{¶ 8} Appellant argues that he obtained pre-approval of refinancing prior to the January 1, 2017 deadline. He contends the purchase agreement with Black constituted "refinancing," within the meaning of the term in the agreed entry, because the arrangement with Black would have the same effect as traditional refinancing, i.e., it would remove appellee from the deed and mortgage while allowing appellant to remain living in the home. Appellant also claims he provided appellee an approval letter from the credit union for Black's purchase prior to January 1, 2017, consistent with the terms of the agreed entry. He also contends appellee was aware of the financing pre-approval prior to January 1, 2017.

{¶ 9} We find appellant's arguments without merit. The two options for appellant provided in the agreed entry were clear. Appellant was required to either: (1) refinance the property by January 1, 2017, or (2) submit to appellee's counsel verified bank pre-approval for refinancing prior to January 1, 2017. However, appellant did not refinance the property by January 1, 2017, and did not submit to appellee's counsel a verified pre-approval for refinancing by January 1, 2017. The evidence presented at the hearing demonstrated appellant's failings in both respects. With regard to the temporal terms of the agreed entry, appellee testified that, on or before January 1, 2017, she did not receive any information with regard to appellant's refinancing. She stated that on January 17, 2017, appellant's counsel sent her counsel Black's December 31, 2016 purchase contract. Appellee further testified that on January 12, 2017, appellant's counsel e-mailed appellee's counsel a letter informing Black that his application for a mortgage loan pre-qualification was approved. Even appellant's counsel admitted at the hearing the pre-qualification

letter was late. Although appellant initially testified that either he or his counsel provided appellee's counsel with the purchase contract and "maybe" the loan pre-approval letter prior to January 1, 2017, he later admitted he did not know when appellee's counsel received the documentation. Appellant could not provide any evidence showing that the documentation was provided to appellee on or prior to January 1, 2017. This testimony clearly demonstrates that appellant did not refinance the property by January 1, 2017, and did not submit to appellee's counsel verified bank pre-approval for refinancing by January 1, 2017. Given appellant's failure to meet the temporal requirements of the November 21, 2016 agreed entry, appellee was under no court ordered duty to cooperate with appellant to effectuate a sale of the property to Black.

{¶ 10} Furthermore, even if the temporal aspects of the agreed entry had been met, which they were not, the documentation itself did not comply with the terms of the agreed entry. At the hearing, appellant attempted to term Black's purchase contract as "refinancing," but the trial court pointed out to appellant there was never any evidence presented of refinancing. Instead, only Black's purchase contract was in the record. Appellant then admitted his only attempt at true refinancing was with Kemba Financial Credit Union. He testified he attempted to traditionally refinance the home but had to file for bankruptcy, so he was unable to refinance. In addition, the contract required "Defendant or agent of Defendant" to obtain a verified bank pre-approval. Only Black obtained a pre-approval, not appellant, and there was no evidence that Black was acting as an "agent" of appellant's in obtaining the pre-approval. Therefore, appellant failed to comply with the requirements of the agreed entry in these respects, as well. Therefore, for all the foregoing reasons, we find the trial court did not err when it denied appellant's motion for contempt and motion to enforce the decree. Appellant's first and second assignments of error are overruled.

{¶ 11} Accordingly, we overrule appellant's two assignments of error and affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

_____