[Cite as *Boyd v. Boyd*, 2022-Ohio-4775.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Kristin C. Boyd (n.k.a. Dillard),          :

     Plaintiff-Appellee,          :          Nos. 21AP-474
&
v.          :          21AP-669
(C.P.C. No. 13DR-4716)

Michael J. Boyd, II,          :

     Defendant-Appellant.          :          (REGULAR CALENDAR)

---

D E C I S I O N

Rendered on December 29, 2022

---

**On brief:** *Davitz & Rieser LLC*, and *Rick Rieser*, for appellee.
**Argued:** *Rick Rieser*.

**On brief:** *Hillard M. Abroms*, for appellant. **Argued:**
*Hillard M. Abroms*.

---

APPEALS from the Franklin County Court of Common Pleas,
Domestic Relations Division

MENTEL, J.

{¶ 1} Defendant-appellant, Michael J. Boyd, II, appeals from a September 13, 2021 decision and judgment entry denying his motion to approve the purchase of real property and a November 15, 2021 decision and judgment entry finding him in contempt of court for failure to pay on a home equity line of credit ("HELOC"). The cases have been consolidated for the purposes of appeal. For the reasons that follow, we reverse in part, and affirm in part.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} This is a post-decree matter that originates from a 2014 divorce. We set forth the facts of this case in *Boyd v. Boyd*, 10th Dist. No. 18AP-575, 2019-Ohio-2139 ("*Boyd I*") writing:

Appellant and Kristin C. Boyd, plaintiff-appellee, were married November 8, 2010 and divorced May 7, 2014. Appellant was incarcerated at the time of the divorce. Appellee was awarded all real property, including 71 Winner Avenue, Columbus, Ohio. All real estate was to be sold within 90 days, and the proceeds therefrom were to be used to pay all joint debt with any remaining proceeds to be split equally.

Appellant was released from incarceration in August 2015. On November 21, 2016, the parties entered into an agreement, which became a court entry (sometimes referred to as "agreed entry"). The agreed entry modified and clarified the rights and duties of the parties with respect to the disposition of real property. As pertinent to this appeal, the November 21, 2016 entry provided, with regard to 71 Winner Avenue:

The Defendant shall have until January 1, 2017 to refinance said property. If the Defendant cannot refinance said property to remove the Plaintiff's name from the deed and mortgage by said date, then the property shall be immediately listed for sale.[1]

\* \* \*

If the Defendant or agent of Defendant has verified bank preapproval for refinancing prior to January 1, 2017 and has submitted the same to Plaintiff's counsel, Plaintiff will afford the Defendant opportunity to close within 60 days.

On December 31, 2016, appellant entered into a real estate purchase contract with Jerry Black, a friend of the parties, for $122,631. Appellant's arrangement with Black was for appellant to remain living in the home, with appellant paying Black rent. Black obtained a pre-approval letter, dated January 12, 2017, from Kemba Financial Credit Union, approving Black for a pre-qualified mortgage. Appellant claims he presented the purchase contract and pre-approval letter to appellee in a timely manner but she refused to cooperate with appellant and Black in effecting the sale of the home to Black.

On March 21, 2017, appellee filed a motion for contempt, alleging appellant failed to cooperate in the listing and sale of the home. On June 29, 2017, appellee filed a motion requesting appellant vacate the house. On September 8, 2017, appellant filed a motion for contempt, alleging appellee failed to cooperate with the refinancing of the home. On February 1, 2018, appellant filed a motion to enforce the decree. On June

---

[1] While omitted from the statement of facts in *Boyd I*, the November 21, 2016 entry also provided that "[Mr. Boyd] shall also make the HELOC payment on the Lamont Avenue Property."

21, 2018, the trial court issued a judgment denying all of the
motions.

*Id.* at ¶ 2-5.

**{¶ 3}** On May 30, 2019, this court overruled Mr. Boyd's two assignments of error and affirmed the trial court's judgment. *Id.* at ¶ 11. Following our resolution of *Boyd I,* the parties filed a series of motions with the trial court.

**{¶ 4}** On December 16, 2020, Mr. Boyd moved the court to approve his purchase of the 71 Winner Avenue property. On February 4, 2021, Ms. Dillard filed a combined memorandum in opposition to Mr. Boyd's motion to approve the purchase of the property and motion for court approval of an option to purchase the 71 Winner Avenue property. On March 3, 2021, Ms. Dillard filed a motion for show cause and motion for contempt alleging Mr. Boyd failed to pay the HELOC on the Lamont Avenue property. Ms. Dillard argued she has "paid and continues to make payments for this loan. To date, she has incurred approximately $15,000.00 in expenses due to Defendant's refusal to make those payments." (Mar. 3, 2021 Mot. to Show Cause and Contempt.) On July 20, 2021, the trial court scheduled a hearing to address the outstanding motions. The trial court set forth in the order various obligations the parties were to complete prior to the hearing writing:

> Defendant, by and through counsel, is ordered to complete a financial balance sheet of costs associated with 71 Winner Avenue and provide it to Plaintiff, by and through counsel, **at least fourteen (14) days in advance** of the evidentiary hearing schedule for September 1, 2021.
>
> The parties, and respective counsel, shall cooperate and work together to have a real estate appraisal and accompanying report completed on 71 Winner Avenue **in advance** of the evidentiary hearing schedule on September 1, 2021.
>
> Defendant, by and through counsel, is ordered to provide proof of funds, or other credit preapproval, that will be necessary to complete his pending purchase offer for 71 Winner Avenue. Proof shall be provided to Plaintiff, by and though counsel, **at least fourteen (14) days in advance** of the evidentiary hearing scheduled on September 1, 2021.
>
> The parties must strictly adhere to the requirements of this Case Management Schedule unless modified by the court.
>
> No hearing/trial date may be continued without prior approval of the court.

**Should either party or counsel fail to adhere to the requirements of this order established by the court, the court may impose sanctions, including, but not limited to, dismissal of that party's pending action, limitation as to ability to present evidence at trial and/or exclusion of evidence, attorney fees, contempt of court or any other sanction allowed by the Rules of Civil Procedure.**

\* \* \*

(Emphasis sic.) (July 20, 2021 Order at 1-2.)

{¶ 5} On September 1, 2021, the trial court held a hearing on the outstanding motions. At the start of the hearing, the trial court noted for the record that Mr. Boyd was not present in the courtroom. Counsel for Mr. Boyd stated that his client was in the hospital the day before the hearing and requested a continuance. Counsel provided a physician's note that indicated Mr. Boyd was unable to return to work until September 4, 2021. The trial court did not immediately deny the motion to continue but addressed Mr. Boyd's compliance with the July 20, 2021 order with the attorneys. The trial court ultimately denied the motion for a continuance citing Mr. Boyd's repeated failures to appear in court and his lack of effort to arrange a virtual appearance by zoom. As for Mr. Boyd's compliance with the July 20, 2021 order, the trial court concluded, "[Mr. Boyd] had that opportunity and he failed to follow through on the specifics that his Court gave him, and that is why I specifically gave direction on what I wanted Mr. Boyd to do because he is not going to keep circumventing his obligation and responsibility." (Tr. at 28.)[2] Regarding the outstanding motion for contempt, the trial court requested the parties reduce their arguments to writing and submit briefs no later than September 30, 2021. (Tr. at 24-25.)

{¶ 6} On September 13, 2021, the trial court issued an entry denying Mr. Boyd's motion to approve the purchase of the 71 Winner Avenue property. On September 22, 2021, Mr. Boyd filed a notice of appeal of the trial court's September 13, 2021 entry. On November 15, 2021, the trial court found Mr. Boyd in contempt for failing to pay the

---

[2] We note that discussion of the motion to purchase was particularly unusual. When the trial court indicated that it was inclined to deny Mr. Boyd's request to purchase the 71 Winner Avenue property, counsel immediately withdrew the motion. (Tr. at 13, 31.) After some additional discussion, counsel for Mr. Boyd decided to reassert the motion before the trial court denied it with prejudice. (Tr. at 31.)

HELOC and awarded the sum of $15,000 plus attorney fees. Mr. Boyd filed a timely appeal. On December 17, 2021, the cases were consolidated for the purposes of appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 7}   Appellant assigns the following as trial court error:

> [I.] The trial court abused its discretion when it held Defendant in contempt for failure to make payments on a home equity line of credit.

> [II.] The trial court abused its discretion when it denied Defendant's motion to approve a purchase offer solely based on Defendant's failure to personally appear at the hearing, when Defendant appeared through counsel and had shown cause by written motion, and when his lack of personal appearance was due to illness and supported by a doctor's excuse.

## III. LEGAL ANALYSIS

### A. Appellant's First Assignment of Error

{¶ 8}   In his first assignment of error, Mr. Boyd argues that the trial court abused its discretion when it held him in contempt for failure to make payments on the HELOC.

{¶ 9}   Pursuant to R.C. 2705.02(A) and on the basis of its inherent powers, the court is authorized to punish the disobedience of its orders with contempt proceedings. *Zakany v. Zakany*, 9 Ohio St.3d 192 (1984). This court has generally defined "contempt" as a "disregard of, or disobedience to, an order or command of judicial authority." (Internal citation and quotation omitted.) *Craig v. Gilchrist*, 10th Dist. No. 19AP-804, 2021-Ohio-2199, ¶ 21. " 'Civil contempt is the failure to do something the court has ordered in a civil action for the benefit of the opposing party therein.' " *Columbus v. ACM Vision, V, LLC*, 10th Dist. No. 20AP-79, 2021-Ohio-925, ¶ 34, quoting *Boston Heights v. Cerny*, 9th Dist. No. 23331, 2007-Ohio-2886, ¶ 20. The intended purpose of sanctions from a civil contempt order is not punishment but to encourage or even coerce the party to comply with the violated provision of the decree for the benefit of the other party. *Craig* at ¶ 21, citing *Williamson v. Cooke*, 10th Dist. No. 05AP-936, 2007-Ohio-493, ¶ 11, citing *Pugh v. Pugh*, 15 Ohio St.3d 136, 139 (1984).

{¶ 10}  The trial court must make its finding of civil contempt upon a showing of clear and convincing evidence. *Pugh* at 139. Once the movant has met her initial burden, the other party must either rebut the initial showing or demonstrate an affirmative defense by a preponderance of the evidence. (Further citations omitted.) *Ryan v. Ryan*, 10th Dist.

No. 14AP-28, 2014-Ohio-3049, ¶ 12. "Compensation of the injured party has been a traditional function of civil contempt. Therefore, judicial sanctions in civil contempt proceedings may be employed to compensate the complainant for losses sustained where it can be proven that the damages were a direct result of the contempt." (Internal citations omitted.) *First Bank v. Mascrete*, 4th Dist. No. 95CA4, 125 Ohio App.3d 257, 265 (4th Dist.1998), citing *RLM Industries Inc. v. Indep. Holding Co., Inc.*, 8th Dist. No. 63201, 83 Ohio App.3d 373 (8th Dist.1992). *See also Cincinnati v. Cincinnati Dist. Council 51*, 35 Ohio St.2d 197 (1973), paragraph three of the syllabus (finding damages in a contempt proceeding may be awarded to a municipal corporation as compensation for losses sustained as a result of a violation of an injunction); *RLM Indus., Inc.* at 377 (finding the court, under its inherent power to sanction outside R.C. 2705.02, may award damages to a complainant where it can be demonstrated that the damages were the direct result of the contempt).

{¶ 11} We will not reverse a trial court's finding of contempt absent an abuse of discretion. *ACM Vision, V, LLC* at ¶ 36, quoting *Heinrichs v. 356 Registry, Inc.*, 10th Dist. No. 15AP-532, 2016-Ohio-4646, ¶ 51, citing *Byron v. Byron*, 10th Dist. No. 03AP-819, 2004-Ohio-2143, ¶ 15. " '[T]he primary interest involved in a contempt proceeding is the authority and proper functioning of the court, [and therefore] great reliance should be placed upon the discretion of the [court].' " *State ex rel. Cincinnati Enquirer v. Hunter*, 138 Ohio St.3d 51, 2013-Ohio-5614, ¶ 29, quoting *Denovchek v. Trumbull Cty. Bd. of Commrs.*, 36 Ohio St.3d 14, 16 (1988). It is well-established law that an abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 12} On March 3, 2021, Ms. Dillard filed a motion to show cause and contempt of non-payment of the HELOC. At the September 1, 2021 hearing, the trial court requested that the parties file briefs, or a supplemental memorandum in the case of Ms. Dillard, that address whether Mr. Boyd should be held in contempt.

{¶ 13} After a review of the record, we find appellant's assignment of error concerns two separate issues, (1) whether the trial court abused its discretion finding Mr. Boyd in contempt and (2) whether the award of $15,000 to Ms. Dillard was reasonable. We will address each issue in turn.

{¶ 14} In its November 15, 2021 decision, the trial court noted that counsel for Mr. Boyd conceded that his client has failed to pay on the HELOC. At the hearing, counsel stated, "we have already admitted that he didn't pay it." (Tr. at 24.) The record also indicates that, per the trial court's finding in its June 21, 2018 entry, "[b]y Defendant's own acknowledgement, he did fail to make the home equity line-of-credit on the Lamont Avenue property and those payments were made by Plaintiff. Plaintiff should ultimately be compensated for the same, but there was no specific contempt of court action filed to address that issue." (June 21, 2018 Decision & Jgmt. Entry at 14.) In his September 28, 2021 brief, Mr. Boyd, again, did not contest that he failed to pay on the HELOC. There is also nothing in the record to relieve Mr. Boyd of his obligation to comply with the trial court's November 21, 2016 entry.[3] Based on the evidence in the record and Mr. Boyd's repeated acknowledgment that he failed to pay on the HELOC, we cannot conclude that the trial court abused its discretion by finding Mr. Boyd in contempt.

{¶ 15} On appeal, Mr. Boyd contends that the HELOC loan did not exist at the time of Ms. Dillard's motion. Mr. Boyd, in essence, argues that it was impossible for him to comply with the trial court's order. As an initial matter, we find that appellant failed to raise this argument with the trial court and has asserted it for the first time on appeal. " 'Ordinarily, reviewing courts do not consider questions not presented to the court whose judgment is sought to be reversed. A party who fails to raise an argument in the court below waives his or her right to raise it on appeal. An appellate court must, therefore, limit its review of the case to the arguments contained in the record before the trial court.' " *Cardinal Health 108, LLC v. Columbia Asthma & Allergy Clinic, LLC*, 10th Dist. No. 21AP-460, 2022-Ohio-2018, ¶ 13, quoting *Betz v. Penske Truck Leasing Co.*, L.P., 10th Dist. No. 11AP-982, 2012-Ohio-3472, ¶ 34 (further citations omitted). As such, Mr. Boyd has waived this argument on appeal.

---

[3] While never contested by appellant, we note that Ms. Dillard has standing to bring her motion for contempt. A party has standing depending on whether they have a " 'personal stake in the outcome of the controversy.' " *Middletown v. Ferguson*, 25 Ohio St.3d 71, 75 (1986), quoting *Sierra Club v. Morton*, 405 U.S. 727, 731-32 (1972). Here, Ms. Dillard was a party to the divorce decree as well as the 2016 agreed entry at issue. Ms. Dillard has an interest in seeing the HELOC provision carried out. *See Lindsey v. Lindsey*, 4th Dist. No. 06CA3113, 2007-Ohio-3803 (finding the father had standing to bring a contempt action against the mother as he was a party to the divorce decree that included the requirement that the mother pay the children's tuition).

{¶ 16} We also note that appellant has attached several documents from a 2018 tax foreclosure case that were never filed with the trial court. It is well-established law that a reviewing court cannot consider evidence outside the record on appeal. *In re Estate of Zeak*, 10th Dist. No. 20AP-310, 2022-Ohio-951, ¶ 21, citing *Access Ohio, LLC v. Gahanna*, 10th Dist. No. 19AP-64, 2020-Ohio-2908, ¶ 22. *See also State v. McComas*, 10th Dist. No. 05AP-134, 2006-Ohio-380, ¶ 15 ("Because an appellate court cannot consider evidence outside of the record created before the trial court, we are precluded from considering [it].").

{¶ 17} Appellant also contends that this court should take judicial notice of the Franklin County Court of Common Pleas June 28, 2019 entry cancelling a hearing and distributing excess sale proceeds to Citizens Bank. *TLOA Acquisitions, LLC v. Kristin Dillard,* Franklin C.P. No. 18CV000738 (June 7, 2020.) Evid.R. 201 permits the court to take judicial notice of adjudicative facts. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Evid.R. 201(B). Here, while we may take notice of the existence of the tax foreclosure case, and even the distribution of the sale proceeds, we decline to extend such notice to Mr. Boyd's argument that, as appellant claims, it was impossible for him to comply with the order. " 'A reviewing court generally may not add matter to the record before it and then decide the appeal on the basis of the new matter.' " *State ex rel. Davidson v. Beathard*, 165 Ohio St.3d 558, 2021-Ohio-3125, ¶ 12, quoting *State ex rel. Harris v. Turner*, 160 Ohio St.3d 506, 2020-Ohio-2901, ¶ 16. Here, appellant asks this court to take judicial notice of legal conclusions and facts that are subject to reasonable dispute, which is improper. *Id.*, citing *Harris* at ¶ 16; Evid.R. 201(B).

{¶ 18} Arguendo, even if we were to consider the above documentation, we find it fails, standing on its own, to demonstrate that Ms. Dillard is no longer making payments on the HELOC. The entry indicates that, as of April 30, 2019, Citizens Bank was owed $38,859.52 on the HELOC. While the trial court distributed $14,965.09 in proceeds from the tax foreclosure to Citizens Bank there would remain an approximate balance of $23,894.43 on the loan. This far exceeds the total proceeds distributed in the tax

foreclosure. Conversely, Ms. Dillard and her counsel have maintained that the HELOC still exists, and she is paying on it to this day. Impossibility of compliance with a contempt order is an affirmative defense for which the alleged contemnor has the burden of proof. (Further citations omitted.) *Wehrle v. Wehrle,* 10th Dist. No. 12AP-386, 2013-Ohio-81, ¶ 7. Even if we considered this evidence, Mr. Boyd has not demonstrated that the HELOC was satisfied or refute Ms. Dillard's continued claim that she is still paying on the debt.

{¶ 19} Mr. Boyd next argues that because Ms. Dillard filed a prior motion for contempt she was precluded, based on the legal principles of res judicata, waiver, and laches, from filing a subsequent motion for contempt as she could have raised the issue of non-payment of the HELOC in the prior case.

{¶ 20} The doctrine of res judicata encompasses both claim preclusion—traditionally referred to as estoppel by judgment—and issue preclusion—generally known as collateral estoppel. *In re Ohio Power Co.*, 144 Ohio St.3d 1, 2015-Ohio-2056, ¶ 20. "In order for claim preclusion to apply, the following four elements must be met: (1) there was a prior valid judgment on the merits, (2) the present action involves the same parties or their privies as in the prior action, (3) the present action raises claims that either were or could have been litigated in the prior action, and (4) both actions arise out of the same transaction or occurrence." (Further citations omitted.) *Bayview Loan Servicing, LLC v. Humphreys*, 10th Dist. No. 20AP-396, 2021-Ohio-4324, ¶ 21. " 'The main legal thread which runs throughout the determination of the applicability of *res judicata* * * * is the necessity of a fair opportunity to fully litigate and to be "heard" in the due process sense.' " *Id.* at ¶ 23, quoting *Goodson v. McDonough Power Equip., Inc.,* 2 Ohio St.3d 193 (1983). We review the applicability of the doctrine of res judicata de novo as it presents a question of law. *State v. Muhumed*, 10th Dist. No. 11AP-1001, 2012-Ohio-6155, ¶ 11, citing *EMC Mtge. Corp. v. Jenkins*, 10th Dist. No. 04AP-1319, 2005-Ohio-5799, ¶ 15.

{¶ 21} " 'Waiver is a voluntary relinquishment of a known right and is generally applicable to all personal rights and privileges, whether contractual, statutory, or constitutional.' " *In re Name Change of E.S.*, 10th Dist. No. 21AP-527, 2022-Ohio-2107, ¶ 7, quoting *Glidden Co. v. Lumbermens Mut. Cas. Co.*, 112 Ohio St.3d 470, 2006-Ohio-6553, ¶ 49. A party asserting waiver must demonstrate it with evidence of the opposing party's " 'clear, unequivocal, decisive act * * * demonstrating the intent to waive.' " *E.S.* at

¶ 7, quoting *Maghie & Savage, Inc. v. P.J. Dick Inc.*, 10th Dist. No. 08AP-487, 2009-Ohio-2164, ¶ 27. Because waiver is a fact-driven inquiry, we review the trial court's determination on the question of waiver under an abuse of discretion analysis. *Crosscut Capital, LLC v. DeWitt*, 10th Dist. No. 20AP-222, 2021-Ohio-1827, ¶ 15.

{¶ 22} Similarly, laches is defined as "an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party." (Internal citation and quotation omitted.) *State ex rel. Eaton Corp. v. Indus. Comm.*, 80 Ohio St.3d 352, 356 (1997). "The elements of laches are (1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for the delay, (3) actual or constructive knowledge of the injury or wrong, and (4) prejudice to the other party." *Ohio Democratic Party v. LaRose*, 10th Dist. No. 20AP-421, 2020-Ohio-4664, ¶ 28, citing *State ex rel. Citizens for Responsible Green Govt. v. Green*, 155 Ohio St.3d 28, 2018-Ohio-3489, ¶ 16, citing *State ex rel. Carrier v. Hilliard City Council*, 144 Ohio St.3d 592, 2016-Ohio-155, ¶ 8. As laches is a determination of fact for a trial court based on the specific circumstances of the case, a reviewing court will not reverse the decision absent an abuse of discretion. *Lewis & Michael Moving and Storage, Inc. v. Stofcheck Ambulance Serv., Inc.*, 10th Dist. No. 05AP-662, 2006-Ohio-3810, ¶ 40-41.

{¶ 23} After a careful examination of the record, we find that res judicata does not preclude Ms. Dillard's second motion for contempt. In Ms. Dillard's March 21, 2017 motion for contempt, she alleged Mr. Boyd failed to cooperate in the listing and sale of the Lamont Avenue and Winner Avenue properties. Ms. Dillard also filed a motion to vacate and exclusive use contending that the court should vacate Mr. Boyd from the property at 71 Winner Avenue and allow her to take possession. Conversely, Mr. Boyd filed a motion for contempt and a motion to enforce decree alleging that Ms. Dillard failed to cooperate with the refinancing of the 71 Winner Avenue property. In its June 21, 2018 entry, the trial court denied all the motions. The trial court found Mr. Boyd conceded that he was not paying the HELOC "due [to] his concern that [Ms. Dillard] was uncooperative with the refinancing of the 71 Winner Avenue property and that he would be expending unnecessary monies." (June 21, 2018 Decision & Jgmt. Entry at 10.) We affirmed the trial court's denial of Mr. Boyd's motion to enforce decree and his motion for contempt. *See Boyd I* at ¶ 11. In Ms. Dillard's second motion for contempt, she sought compensation for damages incurred

due to Mr. Boyd's failure to pay the HELOC on the Lamont Avenue property. Ms. Dillard's second motion for contempt, while within the context of the same agreed entry, raised different facts and separate grounds for relief. *State ex rel. Richard v. Chambers-Smith*, 157 Ohio St.3d 16, 18 (2019) (finding a party is precluded from filing successive motions derived from the same grounds and facts); *Bishop v. Bishop*, 5th Dist. No. 2001CA00319, 2002-Ohio-1861 (concluding the trial court did not abuse its discretion finding the husband in contempt for failure to pay the equity line of credit on a second mortgage); *Evans v. Evans*, 12th Dist. No. CA98-12-257, 1999 Ohio App. LEXIS 4350 (Sept. 20, 1999), citing *Coulson v. Coulson,* 5 Ohio St.3d 12, 17 (1983) (concluding resolution of a first contempt motion under a separation agreement was not an adjudication on the obligation and not a judgment on the merits). The trial court's comment on the HELOC concerned the scope of the initial motion, it was not precluding Ms. Dillard from filing a subsequent motion for contempt.

{¶ 24} We also note that when addressing whether res judicata precludes a subsequent claim, a court is not to apply the principle so strictly as to deprive a party of justice. The Supreme Court of Ohio has held that "res judicata is not a shield to protect the blameworthy." *Davis v. Wal-Mart Stores, Inc.*, 93 Ohio St.3d 488, 491 (2001). The doctrine of res judicata " '*is not to be applied so rigidly as to defeat the ends of justice or so as to work an injustice*.' " (Emphasis sic.) *Id*., quoting *Grava v. Parkman Twp.*, 73 Ohio St.3d 379 (1995) (Douglas, J., dissenting.) (Internal citations omitted.) Therefore, as the subsequent motion for contempt was based on different facts and different grounds for relief, we find that it is not precluded based on the doctrine of res judicata.[4]

{¶ 25} As for Mr. Boyd's waiver argument, the trial court's rejection of Mr. Boyd's waiver argument was not unreasonable. There is no evidence in the record that Ms. Dillard waived Mr. Boyd's obligation to pay the HELOC. Ms. Dillard's behavior was also not inconsistent with preserving the right. Similarly, the trial court's determination that the doctrine of laches did not apply was also reasonable. The trial court's prior ruling never relieved Mr. Boyd of his obligation to pay but merely set forth the scope of its review of the

---

[4] Arguendo, even if claims from 2016-2018 were precluded, which they are not, Mr. Boyd's failure to pay on the HELOC from 2018-2022 are based on separate facts and subsequent violations of the November 21, 2016 agreed entry. Mr. Boyd has failed, and continues to fail, to make payments on the HELOC since the 2016 entry.

initial motion for contempt. The record also indicates that there was some delay in the proceedings caused by the initial appeal of *Boyd I* as well as Mr. Boyd's bankruptcy matter. As such, whatever purported delay in filing was not unreasonable. We are also not persuaded by appellant's argument that he was unduly prejudiced by the recent filing of the motion. There is no reason to believe that Ms. Dillard would not attempt to enforce her rights based on Mr. Boyd's failure to comply with the 2016 entry. Based on the foregoing, we find the trial court's rejection of appellant's laches argument was not an abuse of discretion.

**{¶ 26}** Appellant relies heavily on our decision in *King v. King*, 10th Dist. No. 18AP-84, 2019-Ohio-722 as support for his res judicata, waiver, and laches arguments. A brief review is instructive.

**{¶ 27}** In *King*, the husband and wife divorced pursuant to a 2006 agreed divorce decree. The husband was required to pay the wife spousal support of $150,000 per year, payable in monthly installments of $4,200 and an additional $24,900 per quarter. *Id.* at ¶ 2. From 2009-2013, the parties negotiated several deferrals and reductions of the periodic spousal support payments. *Id.* at ¶ 3-7. In 2014, the husband filed a motion to modify the spousal support order. The wife, in turn, filed a motion for contempt and request for sanctions contending that the husband had not paid the amounts required in the order. *Id.* at ¶ 10. On May 11, 2016, the magistrate issued a decision, which was adopted by the trial court, terminating the husband's spousal support as of July 1, 2014. The magistrate also found the husband owed the arrearages but did not find him in contempt. *Id.* at ¶ 11-12. The parties did not appeal this decision.

**{¶ 28}** On June 20, 2016, the wife filed a second motion for contempt claiming the husband failed to make payments on the arrearages. The trial court rejected the husband's res judicata argument finding "the magistrate's May 11, 2016 decision included an order for [the husband] to pay the arrearages." *Id.* at ¶ 18. The matter was appealed to this court. On appeal, the husband argued the wife's motion "for contempt was barred by the claim preclusion branch of res judicata because the same issues were litigated, or could have been litigated, in her previous June 13, 2014 contempt action, and the court's May 11, 2016 judgment was a final, valid judgment on the 2014 contempt motion." *Id.* at ¶ 24.

{¶ 29} In rejecting the husband's res judicata argument, we explained the distinction in the motions for contempt writing:

> We fail to see how res judicata prevented [wife] from filing the second motion for contempt and seeking a liquidation order, and the issues of waiver and laches were addressed in the May 2016 decision only in the context of whether [husband] should be held in contempt for failure to pay the support due in a timely manner and not in the context of whether he should be held in contempt for failure to pay the total spousal support arrearage he had accumulated. When [wife] filed her second motion for contempt in June 2016, her contempt concerned [husband's] failure to pay this total spousal support arrearage since the May 11, 2016 decision, which had made it clear he owed such. This issue was distinct from that litigated in the first motion for contempt. Laches was clearly inapplicable to the second motion for contempt, as there was only a one-month delay between the magistrate's May 2016 decision and [wife's] June 2016 motion for contempt. In sum, [wife's] two motions for contempt addressed different issues, and res judicata, waiver, and laches did not apply to prevent her filing of the second motion for contempt.

*Id.* at ¶ 28.

{¶ 30} We find Mr. Boyd's reliance on *King* in support of res judicata argument misplaced. In *King*, we rejected the husband's argument that res judicata precluded the second motion for contempt involving the spousal support obligation as the issues presented in the two motions were distinct. Here, Ms. Dillard's first motion for contempt concerned Mr. Boyd's purported "fail[ure] to cooperate in the listing and sale of the following properties: 1) 2164 Lamont Avenue; and 2) 71 Winner Avenue, and further requested the court for an award of attorney fees." (June 21, 2018 Decision & Entry at 3.) Whereas Ms. Dillard's second motion concerned appellant's failure to pay the HELOC. Appellant's argument is, in fact, less persuasive than the husband in *King* as in that case the two motions for contempt concerned the same spousal support obligation. Here, the two motions in the instant case concern far different obligations than in the 2016 agreed entry. In *King*, we also addressed an analogous issue where the trial court fleetingly discussed the subject matter of the second motion. In *King*, we noted that "[t]he magistrate did briefly discuss the issue and explicitly left the door open for a future enforcement order to be filed by [the wife] should [the husband] fail to pay the past sums." *Id.* at ¶ 27.

Likewise, the trial court's 2018 entry briefly discussed the HELOC and left the door open for Ms. Dillard's future enforcement of the order on this issue.

{¶ 31} Finally, Mr. Boyd argues that he could not have been in contempt because the action was not an intentional violation of the court order. We find this argument equally unavailing as proof of whether the violation was intentional is not a prerequisite to a trial court finding a party in contempt. *Pugh* at paragraph one of the syllabus. " 'It is irrelevant that the transgressing party does not intend to violate the court order. If the order dictates of the judicial decree are not followed, a contempt citation will result.' " *Pugh* at 140, quoting *Pedone v. Pedone*, 8th Dist. No. 45841, 11 Ohio App.3d 164, 165 (8th Dist.1983). Based on the foregoing reasons, we cannot find that the trial court's decision to grant Ms. Dillard's motion for contempt was an abuse of discretion.

{¶ 32} The second issue is the trial court's award of $15,000 in compensatory damages. After a review of the record, we find the trial court abused its discretion in granting Ms. Dillard such an award. Ms. Dillard failed to present the trial court with any testimony, affidavits, receipts, or accounting as to the extent of damages for paying the HELOC since the November 21, 2016 agreed entry.[5] The trial court, however, adopted counsel for Ms. Dillard's approximation of damages without any evidentiary support. We also note that while the balance of the HELOC was never raised with the trial court, the fact that Citizens Bank received $14,965.09 does warrant examination as to the remaining balance on the loan. Upon remand, the trial court is instructed to conduct a full damages hearing or supplemental briefing to reexamine the issue of damages from the civil contempt order, and determine what, if any, compensation Ms. Dillard is entitled to based on appellant's noncompliance.

{¶ 33} Accordingly, appellant's first assignment of error is overruled in part, and sustained in part.

**B. Appellant's Second Assignment of Error**

{¶ 34} In Mr. Boyd's second assignment of error, he argues the trial court abused its discretion when it denied his motion to approve a purchase offer based on his failure to personally appear at the hearing.

---

[5] While Ms. Boyd's counsel asserted at oral arguments that his client is still paying $250.00 per month on the loan, this was not raised in her initial motion or supplemental brief before the trial court.

{¶ 35} As a reviewing court, we examine a trial court's decision on post-decree motions under an abuse of discretion analysis. *Eyre v. Eyre*, 5th Dist. No. 20CA0041, 2021-Ohio-1308, ¶ 30, citing *Kager v. Kager*, 5th Dist. No. 2001CA00316, 2002-Ohio-3090, ¶ 8, citing *Miller v. Miller*, 37 Ohio St.3d 71, 74 (1988); *Murray v. Murray*, 5th Dist. No. 01-CA-00084, 2002-Ohio-2505. *See also Heary v. Heary*, 8th Dist. No. 92079, 2009-Ohio-2272, ¶ 9 ("The trial court in a domestic relations matter has continuing jurisdiction to consider any and all post-decree motions posed by the parties, and the decision as to these matters is subject to the abuse of discretion standard of review.").

{¶ 36} There is no dispute that appellant failed to appear for the September hearing without prior approval by the court. Counsel for Mr. Boyd provided a letter that indicated Mr. Boyd went to a hospital the evening before the hearing and could not return to work until September 4, 2021. (Sept. 1, 2021 Tr. at 3.) While counsel for Mr. Boyd claimed that his client was exposed to COVID-19 from a friend that recently passed away, counsel conceded that the hospital "tested [Mr. Boyd] and it came back negative." (Tr. at 5.) However, counsel still maintained that Mr. Boyd was too ill to attend the hearing. (Tr. at 5.)

{¶ 37} Upon review, the trial court did not abuse its discretion in denying Mr. Boyd's motion to approve the purchase offer. While the letter indicated that appellant could not go to work until September 4, counsel for Mr. Boyd provided no insight into the diagnosis or nature of the injury.[6] The trial court denied the continuance as it did not feel the claimed illness was sufficient to justify Mr. Boyd's absence from the hearing. Appellant failed to make any effort to provide an affidavit as to the nature of the ailment or, as the trial court noted, appear by zoom. (Tr. at 11.) As evident throughout the record, this is far from Mr. Boyd's first failed appearance. Mr. Boyd's absences have been such a continued issue, the trial court made clear in its July 20, 2021 order that Mr. Boyd was required to seek a continuance from the court prior to the hearing. We agree with the trial court's determination to proceed with the hearing, despite Mr. Boyd's absence, as each of the order's provisions involved Mr. Boyd, by and through counsel, completing various obligations prior to the hearing. (Tr. at 3.) Mr. Boyd's attorney was more than capable of updating the trial court as to Mr. Boyd's compliance to that point. Moreover, appellant

---

[6] The record is unclear what illness Mr. Boyd was suffering from at the time of the hearing. As counsel for Ms. Dillard has posited, Mr. Boyd could have been suffering from an infectious disease or a physical injury such as a broken bone. The record is exceedingly vague on this point.

appeals the denial of his motion to approve a purchase offer not his oral motion to continue the matter. While other judges might have put off ruling on the motion, the trial court in this case acted within its discretion to deny the motion to purchase for failing to comply with the July 20 order. When reviewing a matter under an abuse of discretion analysis, " ' an appellate court may not substitute its judgment for that of the trial court.' " *Gilchrist* at fn. 7, quoting *Sansom v. Sansom*, 10th Dist. No. 05AP-645, 2006-Ohio-3909, ¶ 30, citing *In re Jane Doe I*, 57 Ohio St.3d 135, 137-38 (1991), citing *Berk v. Matthews*, 53 Ohio St.3d 161, 169 (1990). As such, the trial court's decision was not unreasonable.

{¶ 38} Regardless of the trial court's denial of the motion, at least in part, based on Mr. Boyd's failure to appear at the hearing consistent with the July 20, 2021 order, the trial court also concluded at the hearing that Mr. Boyd failed to comply with other provisions in the July 20, 2021 order.

{¶ 39} The first provision of the July 20, 2021 order concerned Mr. Boyd, by and through counsel, providing Ms. Dillard's attorney a financial balance sheet of costs associated with the 71 Winner Avenue property, 14 days before the September 1, 2021 hearing. Counsel for Mr. Boyd posited that, on August 13, 2021, he complied with the order sending opposing counsel the "value of the property and the disbursement offsets." (Tr. at 7, 28-29.) Counsel stated that Mr. Boyd "intends to testify as to the receipts that substantiate all of the improvements that were made. I have on-call for this morning -- unbeknownst to me not being able to go forward, I have Alex Macke on -- waiting on-call who is the relator that in the previous court order it said that per Mr. Macke's suggestion, the approvals for improvements to be made to the property before -- I think I was involved -- Mr. Macke --we did agree to Mr. Macke to list the property and he listed it for some time." (Tr. at 7.) Conversely, counsel for Ms. Dillard contested that the information provided by Mr. Boyd's counsel was substantial and did not believe it constituted a financial balance sheet. Here, while counsel for Mr. Boyd claimed his client intended to testify as to improvements to the property this does not resolve his obligation to provide a financial balance sheet. Any testimony supplementing the documents provided would still have deviated from the express language of the July 20, 2021 order requiring the information be provided 14 days in advance of the hearing.

{¶ 40} Next, per the July 20 order, the parties were to work together to have the property appraised and provide a report before the scheduled hearing. Mr. Boyd's counsel stated that the attorneys exchanged names but did not select an appraiser, or complete a report, before the hearing. (Tr. at 8-9.) While counsel for Ms. Dillard also shares some blame in this regard, as noted by the trial court, "the onus was on Mr. Boyd because he is the one that wanted the property, and he wanted it at a very reduced price." (Tr. at 14.)

{¶ 41} Finally, Mr. Boyd, by and through counsel, was to provide proof of funds or other credit preapproval necessary to complete the pending purchase offer to Ms. Dillard's counsel at least 14 days in advance of the evidentiary hearing. At the September hearing, counsel for Mr. Boyd stated that his client was going to make a cash payment but acknowledged that proof of funds were not provided to counsel before the hearing. "[T]here was no need for proof of funds because, first of all, Mr. Boyd was fortunate enough to pay off the mortgage and pay all of the tax arrearage. He came into some funds, and instead of making monthly payments, et cetera, et cetera, that were distracting, it's lien free. So consequently, in fact, he is given the right to purchase it, he thinks it is upside down and that's why he wishes they would consider a cash offer." (Tr. at 9-10.) Counsel also suggested there was no need for financing since Mr. Boyd intended to make a cash offer. (Tr. at 10.) Upon review, counsel's assertion that Mr. Boyd intended to make a cash offer is not supported by any documentations as required by the order. Despite counsel's insistence such documentation was not necessary, the trial court expressly required proof of funds or financing be provided to comply with the order. Even if Mr. Boyd appeared in court with the requisite documentation, Mr. Boyd would still have failed to meet his obligation under the order as it was not provided 14 days in advance of the hearing.

{¶ 42} The July 20, 2021 order plainly stated that the parties must "strictly adhere to the requirements of this Case Management Schedule unless modified by the Court." Mr. Boyd, by and through counsel, failed to comply with the various provisions in the order. As the trial court stated, "[Mr. Boyd] had that opportunity and he failed to follow through on the specifics that his Court gave him, and that is why I specifically gave direction on what I wanted Mr. Boyd to do because he is not going to keep circumventing his obligation and responsibility." (Tr. at 28.) While appellant focuses on the trial court's denial of his motion based on his failure to appear at the hearing, the trial court also made clear that the

necessary documentation required in the other provisions of the order was not provided. *See, e.g.,* Tr. at 28 ("I don't have anything today."); Tr. at 29 ("everything that I ordered I have not been provided with"); Tr. at 32 ("[a]nd I have no receipts before me"). Therefore, we find the trial court's denial based on failure to comply with the July 20, 2021 order was not an abuse of discretion not only based on Mr. Boyd's failure to appear, but his failure to provide opposing counsel and the trial court the requisite documentation before the hearing.

**{¶ 43}** Accordingly, we overrule appellant's second assignment of error.[7]

## IV. CONCLUSION

**{¶ 44}** Having overruled appellant's second assignment of error, we affirm the trial court's September 13, 2021 decision and judgment entry denying his motion to approve the purchase of real property. Having overruled in part, and sustained in part, appellant's first assignment of error, the trial court's November 15, 2021 decision and judgment entry is affirmed in its finding of contempt and vacated as to the award of $15,000 to Ms. Dillard. This matter is remanded for further proceedings consistent with the judgment.

*September 13, 2021 decision and judgment entry affirmed; November 15, 2021 judgment reversed and remanded.*

BEATTY BLUNT, and McGRATH, JJ., concur.

————————

[7] At oral arguments, counsel for Mr. Boyd asserted that the trial court judge should be disqualified from this case. It is well-settled law that an Ohio district court of appeals " 'has no authority to render a decision with regard to disqualification, or to void a trial court's judgment on the basis of personal bias or prejudice on the part of a trial judge.' " *In re Estate of Durkin*, 9th Dist. CA No. 28661, 2018-Ohio-2283, ¶ 42, quoting *State v. Hunter*, 151 Ohio App.3d 276, 2002-Ohio-7326, ¶ 18 (9th Dist.) (further citation omitted.). We are not authorized to address counsel's argument or to overturn the trial court's judgment on these grounds. "Since only the Chief Justice or his [or her] designee may hear disqualification matters, the Court of Appeals [is] without authority to pass upon disqualification or to void the judgment of the trial court upon that basis." *Beer v. Griffith*, 54 Ohio St.2d 440 (1978). We also note that during the September 1, 2021 hearing, counsel acknowledged that his client tested negative for COVID-19. As this case does not involve COVID-19, and we are not empowered to address counsel's argument, Mr. Boyd's reliance on *In Re Disqualification of Fleegle*, 161 Ohio St.3d 1263, 2020-Ohio-5636 is misplaced.